UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:25-cv-00268-JAW |
| | ) |
| ADAM DOMONSKI, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 3; Order, ECF No. 5.) Because the Court granted Plaintiff leave to proceed without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**LEGAL STANDARD**

The governing statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### FACTUAL BACKGROUND

Plaintiff alleges that Defendant, Plaintiff's former commercial landlord, published false and defamatory statements and invaded his privacy by portraying him in a false light. Plaintiff alleges that he resides in Detroit, Maine, and that Defendant also resides in Maine.

### DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power

authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

Plaintiff asserts that the Court has diversity jurisdiction under § 1332. For a court to exercise diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). Here, Plaintiff has alleged that he and Defendant are residents of Maine. Plaintiff, therefore, has not established the complete diversity necessary for the Court's diversity jurisdiction. Because the Court does not have jurisdiction over the matter, dismissal is required.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of May, 2025.