UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00268-JAW |
| | ) |
| ADAM DOMONSKI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON RECOMMENDED DECISION**

The court affirms the magistrate judge's recommended decision to dismiss a pro se plaintiff's complaint against his former commercial landlord for lack of diversity jurisdiction.

**I.   BACKGROUND**

On May 23, 2025, Nathan Reardon, a resident of Detroit, Maine acting pro se, filed a complaint in the United States District Court for the District of Maine against Adam Domonski, his former commercial landlord and similarly a Maine resident. *Compl. for Defamation, False Light, and Damages* at 1 (ECF No. 1) (*Compl.*). Invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332, Mr. Reardon alleges that Mr. Domonski attempted to impose an improper rent increase against him and, when Mr. Reardon refused, engaged in retaliatory behavior including defaming and publicly portraying Mr. Reardon in a false light. *Id*. at 1-2.  Mr. Reardon asks the Court to award him compensatory damages in the amount of $750,000 and punitive damages of $250,000, and to order Mr. Domonski to formally and publicly retract his false statements regarding the Plaintiff, in writing. *Id*. at 2.

On May 28, 2025 after approving Mr. Reardon's motion to proceed in forma pauperis, *Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs* (ECF No. 3); *Order Granting Mot. to Proceed Without Prepayment of Fees and Costs* (ECF No. 5), the United States Magistrate Judge screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), the statute that governs matters filed without the prepayment of fees and under which courts are authorized to conduct a preliminary review of a complaint when a plaintiff proceeds in forma pauperis, and issued a recommended decision of dismissal. *Recommended Decision After Rev. of Pl.'s Compl.* (ECF No. 6) (*Rec. Dec.*). In his Recommended Decision, the Magistrate Judge observed that "[f]ederal courts are courts of limited jurisdiction" and a plaintiff bears the burden of establishing a court's jurisdiction to hear his case. *Rec. Dec.* at 2-3 (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Furthermore, the Magistrate Judge explained that, for this matter to proceed in federal court, "Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332." *Id.* at 3.

Here, as the Magistrate Judge reports, Mr. Reardon asserts the Court has diversity jurisdiction under § 1332, which requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Id.* (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)). However, because Mr. Reardon's complaint states that both he and Mr. Domonski are residents of Maine, the Magistrate Judge has determined that Mr. Reardon has failed to establish the

complete diversity necessary for the Court to exercise diversity jurisdiction and recommends the Court dismiss Mr. Reardon's complaint on this basis. *Id.*

Under 28 U.S.C. § 636(b)(1)(B), Mr. Reardon had fourteen days from the date he was served with a copy of the Magistrate Judge's recommended decision to file an objection to it. *Id.* at 3. Mr. Reardon failed to object to the Magistrate Judge's recommended decision. At the end of his opinion in italics and in bold, the Magistrate Judge notified Mr. Reardon of his time-limited right to object to the recommended decision and the potential waiver if he failed to do so. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b), the Court "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Despite Mr. Reardon's failure to object, in light of his pro se status, the Court in its discretion reviews the Magistrate Judge's recommended decision and the entire record to determine the propriety of the Magistrate Judge's recommendation of dismissal. *See Gakuba v. Frey*, Nos. 23-1084, 23-1095, 2024 U.S. App. LEXIS 18703,

at *1 (1st Cir. Apr. 10, 2024) (construing pro se filings liberally) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

On its independent review, the Court affirms the Magistrate Judge's recommended decision, concluding that the Magistrate Judge reached the correct, and indeed the only possible, conclusion with regards to this Court's lack of jurisdiction over Mr. Reardon's case.

It is black letter law that for a federal court to exercise diversity jurisdiction over a case pursuant to 28 U.S.C. § 1332, the plaintiff must establish "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC*, 522 F.3d at 91. "Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction 'depends upon the state of things at the time of the action brought.'" *Id.* (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). Here, as the Magistrate Judge explains, Mr. Reardon's own complaint alleges that, as of the date of the filing of the complaint, both Mr. Reardon and Mr. Domonski were residents of Maine. *Rec. Dec.* at 3. Therefore, he does not meet the diversity of citizenship requirement for federal jurisdiction under 28 U.S.C. § 1332(a)(1), which requires the parties to be "[c]itizens of different States."

Thus, the Court concurs with the Magistrate Judge's recommendation and concludes, for the reasons stated in the Magistrate Judge's recommended decision, that it lacks diversity jurisdiction over this case and is obligated to dismiss the

matter. *Id.* (citing *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte")).

## IV.   CONCLUSION

Having performed a de novo review of the entire record and all matters adjudicated by the Magistrate Judge, the Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his recommended decision and determines no further proceeding is necessary.  The Court ORDERS that the Recommended Decision After Preliminary Review of the Plaintiff's Complaint (ECF No. 6) is hereby AFFIRMED and the Court DISMISSES without prejudice Nathan Reardon's Complaint for Defamation, False Light, and Damages (ECF No. 1).

SO ORDERED.

                             /s/ John A. Woodcock, Jr.
                             JOHN A. WOODCOCK, JR.
                             UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2025