UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00268-JAW |
| | ) | |
| ADAM DOMONSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER IMPOSING *COK* FILING RESTRICTION

As a result of numerous civil cases filed by an individual seeking to collaterally attack his criminal conviction or otherwise bring facially deficient claims, the court imposes a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), requiring the plaintiff to seek the court's permission prior to filing any new civil case. Before allowing a proposed complaint to be docketed, the court will review the proposed filing to confirm that it neither collaterally attacks his criminal conviction nor that his assertion of federal jurisdiction is facially frivolous.

## I.    BACKGROUND[1]

On May 28, 2025, after identifying a total of fifteen civil cases recently filed by Nathan Reardon in this District, most derivative and duplicative of his criminal conviction in *United States v. Reardon*, No. 1:21-cr-00061-LEW, this Court issued an

---

[1]    Nathan Reardon, acting pro se, filed a civil complaint in this Court on May 23, 2025, alleging that Adam Domonski, his former landlord, had defamed him, portrayed him in a false light, invaded his privacy, and committed other torts against him. No. 1:25-cv-00268-JAW, *Compl. for Defamation, False Light, and Damages* at 1 (ECF No. 1). After being assigned that case, this Judge's review of the docket identified the plethora of other civil cases filed by Mr. Reardon that are the subject of the order to show cause and this order.

order to show cause, warning Mr. Reardon that filing restrictions may be in the offing for making frivolous filings and for attempting to collaterally attack his criminal conviction.[2] *See Order to Show Cause* at 1-17 (ECF No. 7). The Court ordered Mr. Reardon to show cause within seven days as to why the Court should not impose filing restrictions against him pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), for future filings in this District on matters collaterally attacking his criminal conviction, duplicative of matters thoroughly litigated in his criminal case or in his previous civil filings, or frivolous as facially deficient claims. *Id.*

Mr. Reardon responded to the order to show cause on June 20, 2025. *Pl.'s Resp. to Order to Show Cause* (ECF No. 8) (*Pl.'s Resp.*). In his response to the Court's order to show cause, Mr. Reardon first asserts extraordinary circumstances exist, explaining that "several civil claims—including the Lowe's related case—were dismissed while Plaintiff was unable to respond or defend himself due to involuntary confinement." *Id.* ¶ 1. Next, he asserts that, "[w]hile incarcerated, Plaintiff was the subject of defamatory and false claims by private and public actors who took advantage of his inability to respond. These included slanderous statements, unfounded legal accusations, and exploitative behavior—all of which denied Plaintiff

---

[2]    As identified and described in detail in the order to show cause, Mr. Reardon's civil cases include: 1) *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21- cv-00356-JDL; 2) *Reardon v. United States of America*, No. 1:21-cv-00361-LEW; 3) *Reardon v. Lowe's Companies, Inc.*, No. 1:21-cv-00362-LEW; 4) *Reardon v. Lowe's Home Centers LLC*, No. 1:25-cv-00099-LEW; 5) *Reardon v. United States of America*, No. 1:25-cv-00154-LEW; 6) *Reardon v. Lizotte*, No. 1:25-cv-00187-NT; 7) *Reardon v. Strout et al.*, No. 1:25-cv-00188-MSM; 8) *Reardon v. Lizotte et al.*, No. 1:25-cv-00191-NT; 9) *Reardon v. Walker et al.*, No. 1:25-cv-00235-LBM 10) *Reardon v. Walker et al.*, No. 1:25-cv-00243-SDE; 11) *Reardon v. Bangor Publishing Company, Inc., et al.*, No. 1:25-cv-00244-NT; 12) *Reardon v. Bachelder, et al.*, No. 1:25-cv-00255-NT; 13) *Reardon v. Wallace et al.*, No. 1:25-cv-00254-SDN; 14) *Reardon v. Tegna East Coast Broadcasting LLC*, No. 1:25- cv-00256-SDN; 15) *Reardon v. Domonski*, No. 1:25-cv-00268-JAW. *See Order to Show Cause* at 5-10.

2

fair and equal protection under the law." *Id.* ¶ 2. Third, Mr. Reardon argues "Government misconduct must be redressable," arguing that the United States (the Government) subjected him to "an onslaught of prosecutorial actions, civil restrictions, and supervisory conditions for over four years—many of which lacked lawful grounding." *Id.* ¶ 3 (capitalization altered). Insisting he was "targeted, penalized, and silenced—without recourse," Mr. Reardon submits he is entitled to use the legal system to hold the Government accountable. *Id.* Fourth, Mr. Reardon argues the statement in the order to show cause (which he misattributes to the Government, rather than the Court) that he "executed a scheme to defraud TD Bank" in his criminal case is "legally inaccurate," alleging "[t]he government constructively amended the indictment midstream," a change that "undercut the legal basis for the original plea and sentence, and invalidates the premise of the government's own motion." *Id.* ¶ 4. Fifth, he contends his "filings are not malicious, repetitive, or meritless," but rather "represent Plaintiff's first meaningful opportunity to hold the government accountable for misconduct that derailed his life, damaged his reputation, and violated his rights." *Id.* ¶ 5. Sixth, he claims he has a constitutionally protected right to bring claims against those who violate his civil rights, *id.* ¶ 6, and seventh, he states "[t]his Court appears to suggest that because Plaintiff has filed multiple motions, his claims are inherently frivolous" and posits "[t]his position is both constitutionally and morally flawed." *Id.* ¶ 7. Eighth, Mr. Reardon reminds the Court that he has previously moved for his matters to be transferred from the Bangor division of this District to the Portland division on the ground of systemic bias. *Id.* ¶

8. He reiterates that his "request to move venue was made in good faith and remains critical to restoring confidence in the fairness of these proceedings." *Id.* Ninth and lastly, Mr. Reardon avers "overlapping defendants do not equal duplicative claims," arguing that "each claim alleges a separate constitutional violation" and "repetition of names simply reflects that a small group of bad actors were involved at multiple stages of misconduct." *Id.* ¶ 9. Even if his claims are duplicative, Mr. Reardon submits the appropriate remedy would be consolidation, not dismissal or sanctions. *Id.*

Mr. Reardon concludes by requesting the Court accept his response as timely and sufficient to show cause, allow his cases to proceed on their merits, reject any determination that his filings are frivolous or abusive, and grant any other relief the Court deems just and proper. *Id.* at 3.

## II.    DISCUSSION

On review, Mr. Reardon's response to the Court's show cause order fails to respond to the Court's concerns and, indeed, validates the precise concerns regarding collateral attacks on his criminal conviction that predicated the Court's order to show cause.

In its order to show cause, the Court identified eleven recently filed civil cases brought against defendants associated with, and predicated on facts related to, his criminal case, including:

1)    ***Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21-cv-00356-JDL**

On November 27, 2021, Mr. Reardon filed a complaint in Penobscot County Superior Court against Tegna East Coast

Broadcasting, LLC (Tegna) and anonymous news reporters, alleging defamation, slander per se, and violations of his right to equal protection under the Fifth and Fourteenth Amendments to the federal Constitution based on Tegna's publication of an article about Mr. Reardon titled "Man from Skowhegan abuses PPP program for personal gain." *Notice of Removal*, No. 1:21-cv-00356-JDL, Attach. 1, *State Ct. Summons and Compl.* (ECF No. 1). Tegna removed the case to the federal District of Maine on December 13, 2021. *Notice of Removal*. United States District Judge Jon D. Levy dismissed this case on June 23, 2022 for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Order on Def.'s Mot. to Dismiss*, No. 1:21-cv-00356-JDL (ECF No. 21); *J.*, No. 1:21-cv-00356-JDL (ECF No. 22).

2)      ***Reardon v. United States of America*, No. 1:21-cv-00361-LEW**

On December 17, 2021, Mr. Reardon filed a complaint against the United States of America (the Government), alleging the Government had deprived him of his rights to bear arms and to due process under the Second, Fifth, and Fourteenth Amendments to the federal Constitution by prohibiting him from possessing firearms as a condition of his pre-trial release in *United States v. Reardon*, No. 1:21-cr-00061-LEW. *Compl.*, No. 1:21-cv-00361-LEW (ECF No. 1). Chief Judge Walker dismissed this case on June 27, 2022, on the basis of sovereign immunity. *Order on Mot. to Dismiss*, No. 1:21-cv-00361-LEW (ECF No. 14).

3)      ***Reardon v. United States of America*, No. 1:25-cv-00154-LEW**

On April 10, 2025, Mr. Reardon filed a complaint against the federal government, challenging the constitutionality of 18 U.S.C. § 922(g)(1) as violative of his rights under the Second Amendment to the federal Constitution. *Compl. for Declaratory J. and Injunctive Relief to Restore Second Am. Rights*, No. 1:25-cv-00154-LEW (ECF No. 1).

4)      ***Reardon v. Lizotte*, No. 1:25-cv-00187-NT**

On April 25, 2025, Mr. Reardon filed a complaint against Assistant United States Attorney (AUSA) Andrew Lizotte in his individual capacity, alleging AUSA Lizotte had violated Mr. Reardon's constitutional rights to due process under the Fifth Amendment to the federal Constitution by acting in bad faith during the sentencing and appeal of Mr. Reardon in *United States v. Reardon*, No. 1:21-cr-00061-LEW. *Compl. for Damages under Bivens v. Six Unknown Named*

*Agents*, No. 1:25-cv-00187-NT (ECF No. 1).    The United States Magistrate Judge recommended United States District Judge Nancy Torresen dismiss the case on April 28, 2025 on the basis of prosecutorial immunity for actions taken in the "judicial phase of the criminal process." *Recommended Decision after Review of Pl.'s Compl.*, No. 1:25-cv-00187-NT (ECF No. 6).  Over Mr. Reardon's objection, on May 28, 2025, Judge Torresen affirmed the Magistrate Judge's recommendation and ordered judgment be entered in favor of AUSA Lizotte and against Mr. Reardon.  *Pl.'s Obj. to the Mag. J.'s Recommended Decision*, No. 1:25-cv-00187-NT (ECF No. 9); *Order Affirming the Recommended Decision of the Mag. J.*, No. 1:25-cv-00187-NT (ECF No. 12); *J.*, No. 1:25-cv-00187-NT (ECF No. 13).

### 5)      *Reardon v. Strout et al.*, No. 1:25-cv-00188-MSM

On April 25, 2025, Mr. Reardon filed a complaint against Kevin Strout, an affiliate of Maine State Housing; Lisa Davis, an affiliate of Penquis CAP; the Somerset County Sheriff's Office; Probation Officer (PO) Gian-Luigi Zucchi; AUSA Lizotte; and then Acting United States Attorney Darcie McElwee, alleging these defendants had violated his rights to due process under the Fifth and Fourteenth Amendments to the federal Constitution, retaliated against him for exercising his constitutional rights, maliciously prosecuted him, abused judicial discretion, denied his right to be heard, and conspired to violate his civil rights in their prosecution of Mr. Reardon in *United States v. Reardon*, No. 1:21-cr-00061-LEW.  *Compl. for Violation of Civ. Rights*, No. 1:25-cv-00188-MSM (ECF No. 1).

### 6)      *Reardon v. Lizotte et al.*, No. 1:25-cv-00191-NT

On April 28, 2025, Mr. Reardon filed a complaint against AUSA Lizotte and then Acting United States Attorney McElwee, each in their individual capacity, alleging these defendants' conduct in *United States v. Reardon*, No. 1:21-cr-00061-LEW deprived him of his right to a fair trial under the Sixth Amendment, his right to due process under the Fourteenth Amendment, and that these defendants had conspired to deprive him of the same.  *Compl. for Damages under Bivens Action*, No. 1:25-cv-00191-NT (ECF No. 1).  On May 2, 2025, the Magistrate Judge recommended Judge Torresen dismiss the case on the basis of prosecutorial immunity, also noting this case duplicates Mr. Reardon's claims brought in No. 1:25-cv-00187-NT.  *Recommended Decision after Rev. of Pl.'s Compl.*, No. 1:25-cv-00191-NT (ECF No. 9).  Over Mr. Reardon's objection, on May 28, 2025, Judge Torresen affirmed the Magistrate Judge's recommendation and ordered judgment be entered in favor of the defendants to this case and against Mr. Reardon.  *Pl.'s*

*Obj. to the Mag. J.'s Recommended Decision*, No. 1:25-cv-00191-NT (ECF No. 10); *Order Affirming the Recommended Decision of the Mag. J.*, No. 1:25-cv-00191-NT (ECF No. 13); *J.*, No. 1:25-cv-00191-NT (ECF No. 14).

7)      ***Reardon v. Walker et al.*, No. 1:25-cv-00235-LBM**

On May 12, 2025, Mr. Reardon filed a complaint against Chief Judge Walker and three unknown federal probation officers whose identities were unknown, alleging the defendants violated his Fifth Amendment right to due process in *United States v. Reardon*, No. 1:21-cr-00061-LEW by knowingly enforcing a probation condition that had been vacated by the First Circuit Court of Appeals. *Compl. for Damages under Bivens and Jury Demand*, No. 1:25-cv-00235-LBM (ECF No. 1).

8)      ***Reardon v. Walker et al.*, No. 1:25-cv-00243-SDE**

On May 13, 2025, Mr. Reardon filed a complaint against AUSA Lizotte and Chief Judge Walker, each in their individual capacity, alleging the defendants violated his rights under the Second, Fifth, and Fourteenth Amendment during pretrial proceedings in *United States v. Reardon*, No. 1:21-cr-00061-LEW. *Compl. for Damages under Bivens for Violations of the Second, Fifth, and Fourteenth Amends.*, No. 1:25-cv-00243-SDE (ECF No. 1).

9)      ***Reardon v. Bangor Publishing Company, Inc., et al.*, No. 1:25-cv-00244-NT**

On May 13, 2025, Mr. Reardon, individually and on behalf of his minor children, filed a complaint against the Bangor Publishing Company, Inc.; the Bangor Daily News (BDN); Sawyer Loftus, a reporter employed by the BDN; Mitchell Oswald, a PO; the United States of America; and five unknown individuals, alleging the BDN and Mr. Loftus published defamatory articles about him in their coverage of *United States v. Reardon*, No. 1:21-cr-00061-LEW and that PO Oswald relied on these articles to justify aggressive probation actions against him. *Compl. and Jury Demand* at 1-2, No. 1:25-cv-00244-NT (ECF No. 1). Mr. Reardon brings claims against these defendants for First Amendment retaliation, Fourth Amendment illegal search and seizure, Fourteenth Amendment due process violations, defamation, false light, false imprisonment, civil conspiracy, and intentional infliction of emotional distress, and further seeks punitive damages. *Id.* at 3.

10)     ***Reardon v. Bachelder, et al.*, No. 1:25-cv-00255-NT**

On May 13, 2025, Mr. Reardon filed a complaint against the Police Department of Skowhegan, Maine (Skowhegan PD); the Police

Department of Bangor, Maine (Bangor PD); and Detective Michael Bacheler of the Bangor PD, bringing claims under 42 U.S.C. § 1983 for false arrest and violation of his due process rights, and further alleging these defendants violated the automatic stay provision of 11 U.S.C. § 362. *Compl. for Damages and Injunctive Relief*, No. 1:25-cv-00255-NT (ECF No. 1).

**11)**    ***Reardon v. Tegna East Coast Broadcasting LLC*, No. 1:25-cv-00256-SDN**

On May 20, 2025, Mr. Reardon filed a complaint against Tegna East Coast Broadcasting, LLC, alleging it had published a defamatory article about him titled "Man from Skowhegan abuses PPP program for personal gain." *Compl. for Defamation (Slander Per Se), False Light, and Damages*, No. 1:25-cv-00256-SDN (ECF No. 1). Upon preliminary review, on May 30, 2025, the Magistrate Judge recommended United States District Judge Stacey D. Neumann dismiss Mr. Reardon's case on the grounds that he had failed to allege an actionable claim, was barred by the doctrine of res judicata based on Judge Levy's ruling on the same claims in *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21-cv-00356-JDL, and was time-barred by being brought more than two years after the allegedly defamatory action. *Recommended Decision after Rev. of Pl.'s Compl.*, No. 1:25-cv-00256-SDN (ECF No. 6).

*Order to Show Cause* at 5-10 (numbering altered).

The Court cautioned Mr. Reardon that "[f]ederal courts lack jurisdiction over suits which constitute 'thinly veiled and improper attempts to collaterally attack [a] conviction' and 'overrule the judgment of [the criminal court].'" *Order to Show Cause* at 12 (quoting *Emmert v. Aroostook Cty. Jail*, No. 1:24-cv-00159-NT, 2024 U.S. Dist. LEXIS 163193, at *9 n.4 (D. Me. Sep. 11, 2024) (in turn quoting *Stone v. Holder*, 859 F. Supp. 2d 48, 52 (D.D.C. 2012))). On the Court's read, in these eleven civil cases listed, Mr. Reardon seeks to re-litigate issues previously addressed within his criminal case. *Id.* (comparing *Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255*, No. 1:21-cr-00061-LEW (claiming ineffective assistance of counsel and violations of due process) with *Compl. for Damages under Bivens for Violations of the*

*Second, Fifth, and Fourteenth Amends.*, No. 1:25-cv-00243-SDE ("these actions deprived Plaintiff of his Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process")).

Mr. Reardon does not deny that his civil cases are derived from his criminal case; in fact, in his response to the order to show cause, he again attacks the factual basis for his criminal conviction. *See Pl.'s Resp.* ¶ 3 ("the reality is that it was the government that subjected Plaintiff to an onslaught of prosecutorial actions, civil restrictions, and supervisory conditions for over four years—many of which lacked lawful grounding"); *id.* ¶ 4 (alleging "[t]he government constructively amended the indictment midstream" and that this change "undercut the legal basis for the original plea and sentence, and invalidates the premise of the government's own motion").

Mr. Reardon's response to the order to show cause proves the Court's concern. He continues to declaim his convictions, but his position is belied by the record. Mr. Reardon pleaded guilty to five counts of bank fraud, No. 1:21-cr-00061-LEW, *Min. Entry* (ECF No. 136), Chief Judge Walker imposed a sentence of twenty months, no fine, restitution in the amount of $60,316.39, a $500 special assessment, and three years of supervised release, No. 1:21-cr-00061-LEW, *Min. Entry* (ECF No. 155); *J.* (ECF No. 159), and, on appeal, the First Circuit vacated and remanded only the narrow issue of the condition of supervised release barring self-employment as insufficiently explained at sentencing. No. 1:21-cr-00061-LEW, *Opinion of U.S.C.A.* at 20, 28 (ECF No. 193); *J.* (ECF No. 194); *Mandate* (ECF No. 195). The Court thus concludes that Mr. Reardon's continued assertions that his criminal conviction lacks

"lawful grounding" or a "legal basis" to be transparent attempts to collaterally attack his criminal conviction.

Mr. Reardon further responds to the Court's concern regarding the recent rapidity and volume of his filings, *see Order to Show Cause* at 13 ("In the last several years, but accelerating dramatically in volume in the last three months, Mr. Reardon has filed at least fifteen civil complaints"), by insisting that "[e]ach Bivens claim alleges a separate constitutional violation." *Pl.'s Resp.* ¶ 4. In the subsequent paragraph, however, Mr. Reardon avers his multiple cases are his effort "to obtain justice from multiple, connected constitutional violations arising from a single continuous course of misconduct by government actors" and concedes these cases may be consolidated under Federal Rule of Civil Procedure 41(a). *Id.*

As is apparent, in his response to the order to show cause, Mr. Reardon fails to engage the Court's concern on this point. The Court explained the burden that Mr. Reardon's litigation strategy imposes on the Court, as bringing each of his claims as a separately filed case obligates "the expenditure of clerical time and effort, setting up each case, referring motions for in forma pauperis status, tracking any motions for appointed counsel, and monitoring service of the complaint and summons." *Order to Show Cause* at 16.

Relatedly, Mr. Reardon's assertion that "[d]uplicative allegations, if any, can be resolved through judicial management, not suppression" is inconsistent with the law of this Circuit. As the Court pointed out in its order to show cause, in *Elliott v. Segal*, No. 19-2163, 2021 U.S. App. LEXIS 15996 (1st Cir. Jan. 26, 2021), the First

Circuit affirmed on appeal a *Cok* filing restriction in an analogous case, barring a plaintiff who had sued an individual and newspaper "from filing new actions based upon the same 2014 incident and reporting thereon." *Order to Show Cause* at 14 (citing *Elliott*, 2021 U.S. App. LEXIS 15996, at *2-3). In ordering the *Cok* filing restriction, the trial court had explained that "[p]laintiff's conduct rises significantly above the level of litigiousness. This is the third complaint she has filed in this district and the sixth complaint she has filed arising from essentially the same set of facts." *Elliott v. Segal*, Civil Action No. 19-cv-10259-ADB, 2019 U.S. Dist. LEXIS 177945, at *16-17 (D. Mass. Oct. 15, 2019).

Here, Mr. Reardon himself acknowledges that his numerous filings "aris[e] from a single continuous course of misconduct by government actors." *Pl.'s Resp.* ¶ 4. In its order to show cause, the Court observed that Mr. Reardon had made eleven filings that have sought to relitigate issues already decided in his federal criminal case, a number substantially greater than the three complaints that provoked the *Cok* order in *Elliott*. But in his response, Mr. Reardon merely stands on his supposed rights without responding to the Court's concerns about overburdening the court system with frivolous and repetitive litigation.

In addition to Mr. Reardon's civil filings related to his criminal lawsuit, the Court in its order to show cause order also identified several of his civil lawsuits that appear facially deficient or otherwise redundant to prior civil claims, including:

1) ***Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21-cv-00356-JDL**

On November 27, 2021, Mr. Reardon filed a complaint in Penobscot County Superior Court against Tegna East Coast

Broadcasting, LLC (Tegna) and anonymous news reporters, alleging defamation, slander per se, and violations of his right to equal protection under the Fifth and Fourteenth Amendments to the federal Constitution based on Tegna's publication of an article about Mr. Reardon titled "Man from Skowhegan abuses PPP program for personal gain." *Notice of Removal*, No. 1:21-cv-00356-JDL, Attach. 1, *State Ct. Summons and Compl.* (ECF No. 1). Tegna removed the case to the federal District of Maine on December 13, 2021. *Notice of Removal*. United States District Judge Jon D. Levy dismissed this case on June 23, 2022 for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Order on Def.'s Mot. to Dismiss*, No. 1:21-cv-00356-JDL (ECF No. 21); *J.*, No. 1:21-cv-00356-JDL (ECF No. 22).

2)      ***Reardon v. Lowe's Companies, Inc.***, **No. 1:21-cv-00362-LEW**

On December 17, 2021, Mr. Reardon filed a complaint against Lowe's Companies, Inc., alleging he had been severely injured by the negligence of a company cashier when the cashier mishandled a wooden fence post while Mr. Reardon was buying it. *Compl.*, No. 1:21-cv-00362-LEW (ECF No. 1). After Mr. Reardon repeatedly failed to respond to discovery requests over a two-year period, Chief Judge Walker dismissed his case without prejudice on February 12, 2024 and entered judgment against him. *Order on Defs.' Mot. for Sanctions*, No. 1:21-cv-00362-LEW (ECF No. 33); *J.*, No. 1:21-cv-00362-LEW (ECF No. 34). Mr. Reardon filed a notice of appeal on March 15, 2024, *Notice of Appeal*, No. 1:21-cv-00362-LEW (ECF No. 35), but the First Circuit affirmed the District Court's judgment on January 22, 2025. *J.*, No. 1:21-cv-00362-LEW (ECF No. 42).

3)      ***Reardon v. Lowe's Home Centers LLC***, **No. 1:25-cv-00099-LEW**

On March 19, 2025, Mr. Reardon filed a complaint against Lowe's Home Centers, LLC, alleging the company's cashier had mishandled a wooden fence post being purchased by Mr. Reardon, causing an injury to Mr. Reardon's thumb that reportedly required surgical replacement and resulted in permanent damage. *Compl. and Demand for Jury Trial*, No. 1:25-cv-00099-LEW (ECF No. 1). Mr. Reardon is suing Lowe's for negligence and seeks a damage award of $1,000,000 for his injuries. *Id.* at 3.

4)      ***Reardon v. Tegna East Coast Broadcasting LLC***, **No. 1:25-cv-00256-SDN**

12

On May 20, 2025, Mr. Reardon filed a complaint against Tegna East Coast Broadcasting, LLC, alleging it had published a defamatory article about him titled "Man from Skowhegan abuses PPP program for personal gain." *Compl. for Defamation (Slander Per Se), False Light, and Damages*, No. 1:25-cv-00256-SDN (ECF No. 1). Upon preliminary review, on May 30, 2025, the Magistrate Judge recommended United States District Judge Stacey D. Neumann dismiss Mr. Reardon's case on the grounds that he had failed to allege an actionable claim, was barred by the doctrine of res judicata based on Judge Levy's ruling on the same claims in *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 1:21-cv-00356-JDL, and was time-barred by being brought more than two years after the allegedly defamatory action. *Recommended Decision after Rev. of Pl.'s Compl.*, No. 1:25-cv-00256-SDN (ECF No. 6).

*Order to Show Cause* at 5-10 (numbering altered).

Mr. Reardon characterizes the Court's order to show cause as "appear[ing] to suggest that because Plaintiff has filed multiple motions, his claims are inherently frivolous." *Pl.'s Resp.* ¶ 4. Mr. Reardon mistakes the Court's concern. As explained in its order to show cause, the Court's review of his filings identified facial pleading deficiencies; in its order, the Court used as an example the complaint filed in Docket Number 1:25-cv-00268-JAW, which asserted diversity jurisdiction despite facially pleading that both plaintiff and defendant were residents of Maine. *See* No. 1:25-cv-00268-JAW, *Recommended Decision After Rev. of Pl.'s Compl.* at 3. Contemporaneously, the Court is dismissing this case for its failure to adequately plead diversity of citizenship, a prerequisite to federal jurisdiction over the case. *Order Affirming Recommended Decision* (ECF No. 9). The Court's concern regarding the potential frivolity of Mr. Reardon's filings has been not just a product of their duplicative nature; rather, the Court's review of the pleadings and identification of threshold jurisdictional issues compelling dismissal generated this concern.

13

Finally, the Court recognizes Mr. Reardon's explanation that extraordinary circumstances exist for at least some of his duplicative civil lawsuits, such as the two cases against Lowe's, because the original case was dismissed due to his inability to respond while incarcerated. *Pl.'s Resp.* ¶ 4. The Court appreciates the logic of this argument and recognizes the first lawsuit was indeed dismissed without prejudice for Mr. Reardon's failure to prosecute his claim and specifically noted "[Mr.] Reardon may file the same claim against Lowe's in the future." *See* 1:21-cv-00362-LEW, *Order on Def.'s Mot. for Sanctions* at 6 n.1 (ECF No. 33). The Court does not intend to restrict Mr. Reardon's right to file potentially meritorious cases or cases that are not redundant to claims previously adjudicated.

Indeed, the Court's contemplated filing restriction never sought to prohibit Mr. Reardon's broad right of access to the courts. As it explained in its order to show cause, the Court's only interest has been the effective and efficient management of its docket. As it previously explained:

> To be clear, the Court is not now contemplating forbidding Mr. Reardon from filing any new cases. At this point, the remedy would be that before Mr. Reardon files any new cases, he must move this District to be allowed to do so, explaining why he believes the new complaint is meritorious. The assigned judge would then review his proposed complaint to determine whether it merits docketing. If the judge determines that it is sufficiently meritorious to justify docketing, the judge will order the complaint docketed. If the judge determines that it is non-meritorious, the judge will order the Clerk's Office not to docket the case and instead return the proposed complaint undocketed to Mr. Reardon. The contemplated process is not much different from the current process, since the judges routinely screen pro se filings to determine whether they should proceed, but it does avoid the expenditure of clerical time and effort, setting up each case, referring motions for in forma pauperis status, tracking any motions for appointed counsel, and monitoring service of the complaint and summons.

14

*Order to Show Cause* at 16.  After reviewing Mr. Reardon's response to its order to show cause, the Court is not persuaded that such a restriction is not necessary to effectuate the Court's inherent authority over management of its docket.  *See In re McDonald*, 489 U.S. 180, 184 (1989) (holding it is the responsibility of the courts "to see that [limited judicial] resources are allocated in a way that promotes the interests of justice" and that "[t]he continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end"); *accord Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

"Courts in this circuit have repeatedly found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave."  *Clemens v. Town of Scituate*, No. 13-cv-11598- FDS, 2014 U.S. Dist. LEXIS 81461, at *19 (D. Mass. June 16, 2014) (collecting cases)).  The Court concludes that Mr. Reardon is such a litigant and that a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993) is appropriate and necessary to curtail his misconduct.

In crafting the filing restriction for Mr. Reardon, the Court is conscious of its obligation under *Cok* to frame filing restrictions "narrowly drawn to counter the specific offending conduct," *Elliott*, 2021 U.S. App. LEXIS 15966, at *2 (quoting *Cok*, 985 F.2d at 36), and not to "improperly preclude access to the courts with respect to unrelated matters."  *Id.* (citing *Cok*, 985 F.2d at 36).

15

III.    CONCLUSION

For the forgoing reasons, the Court ORDERS the following filing restriction: Nathan Reardon shall not bring any additional pro se complaints within this District without first obtaining an order allowing the filing.  *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993).  Before bringing any further pro se complaints, Mr. Reardon must file a motion with the Court seeking permission to make the filing. The motion for leave to file must not exceed three pages and he must attach to the motion for leave the proposed complaint.

A judge of this District shall review the motion for leave to file and the proposed complaint, and only if the Court determines that the complaint does not constitute a collateral attack on his criminal conviction and his assertion of federal jurisdiction on the basis of diversity is not facially frivolous will Mr. Reardon be allowed to have the complaint docketed.  If the judge determines that Mr. Reardon's complaint is not a forbidden collateral attack on his criminal case and is not otherwise facially frivolous, the judge may order the complaint filed.  The Court has tailored this *Cok* restriction as narrowly as possible in accordance with the First Circuit mandate, and the Court notes that this *Cok* order shall not apply to the entry of appearance or other filing of an attorney who enters an appearance representing Mr. Reardon. *See id.* at 34.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of June, 2025