UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
|       Plaintiff, | ) |
| v. | ) 1:25-cv-00268-JAW |
| ADAM DOMONSKI, | ) |
|       Defendant. | ) |

### ORDER ON MOTION FOR RECONSIDERATION

On June 30, 2025, the Court issued two orders: 1) an order affirming the recommended decision of a United States Magistrate Judge, *Order on Recommended Decision* (ECF No. 9), and 2) an order imposing filing restrictions on Nathan Reardon. *Order Imposing* Cok *Restriction* (ECF No. 10). On July 3, 2025, Mr. Reardon filed a motion for reconsideration of both orders. *Supp. Mem. in Resp. to Order to Show Cause* (ECF No. 11) (*Pl.'s Mot.*). Subsequently, Mr. Reardon filed a notice of appeal of the Court's order imposing a *Cok* filing restriction on July 7, 2025. *Notice of Appeal* (ECF No. 13).[1]

---

[1] Typically, "a district court loses jurisdiction over a case upon the filing of a notice of appeal." *United States v. Vázquez-Rosario*, 45 F.4th 565, 569 (1st Cir. 2022) (citing *United States v. Naphaeng*, 906 F.3d 173, 177 (1st Cir. 2018)). However, the First Circuit has recognized exceptions to this general rule, including specifically for motions for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). *See Gonzalez-Arroyo v. Drs.' Ctr. Hosp. Bayamon, Inc.*, 54 F.4th 7, 19 (1st Cir. 2022) (explaining "even after [appellant] filed her notice of appeal, the district court legally maintained jurisdiction then to resolve her Rule 59(e) motion on the merits. And Federal Rule of Appellate Procedure 4(a)(4)(B)(i) specifically provides district courts with jurisdiction to rule on pending motions for reconsideration *after* a litigant files her notice of appeal, explaining that the notice 'becomes effective' once the district court resolves that motion") (emphasis in original) (citing FED. R. APP. P. 4(a)(4)(A)(i)-(vi); *Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 62 n.10 (1st Cir. 2016)). For the reasons explained in this order, the Court construes Mr. Reardon's filing as a motion for reconsideration and thus concludes Mr. Reardon's subsequently filed notice of appeal does not affect the Court's jurisdiction to adjudicate the pending motion.

It is not entirely clear whether Mr. Reardon is challenging the Court's order dismissing this case; however, in his concluding paragraph, Mr. Reardon "urges the Court to reconsider its characterization of his filings, decline to impose a pre-filing injunction, and allow these matters to proceed to discovery . . .." *Pl.'s Mot.* at 2-3. Construing his pro filing liberally in accordance with First Circuit directives, *see Gakuba v. Frey*, Nos. 23-1084, 23-1095, 2024 U.S. App. LEXIS 18703, at *1 (1st Cir. Apr. 10, 2024) (in turn citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court understands Mr. Reardon's filing to be a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

On review, the Court DENIES Mr. Reardon's motion for reconsideration. As the Court explained in its June 30, 2025, Mr. Reardon's claim against Adam Domonski must fail because there is no diversity of citizenship between Mr. Reardon and Mr. Domonski since both are Maine residents. "'Federal courts are courts of limited jurisdiction.' Thus, jurisdictional boundaries must be scrupulously observed." *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30 (1st Cir. 2020) (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir. 2004)). Without diversity of citizenship, Mr. Reardon cannot proceed in federal court under federal diversity jurisdiction pursuant to 28 U.S.C. 1331. The Court explained the basis for this ruling at length in its order, *Order on Recommended Decision* at 4 ("It is black letter law that for a federal court to exercise diversity jurisdiction over a case pursuant to 28 U.S.C. § 1332, the plaintiff

must establish 'complete diversity of citizenship as between all plaintiffs and all defendants'") (quoting *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)), and Mr. Reardon gives no reason for the Court to reconsider its order.  Mr. Reardon alleges the Court predicates its dismissal, in part, on his lack of counsel, but as the Court explained in its order of dismissal, the Court affords Mr. Reardon a liberal standard as a pro se litigant.  *See Order on Recommended Decision* at 3-4 (citing *Gakuba*, 2024 U.S. App. LEXIS 18703, at *1 (construing pro se filings liberally) (in turn citing *Erickson*, 551 U.S. at 94)

Regarding Mr. Reardon's request that the Court reconsider its *Cok* filing restriction, the Court declines to do so.  Mr. Reardon persists in his earnest contention that he has a right to collaterally attack his conviction and sentence.  *Pl.'s Mot.* at 1 ("Contrary to the Court's statement that Plaintiff seeks to 're-litigate' his criminal case, Plaintiff clarifies that he has never been afforded a fair opportunity to litigate in the first instance").  For the reasons explained in the Court's *Cok* order, Mr. Reardon is simply mistaken.  The time and place for Mr. Reardon to challenge aspects of his criminal case were in his criminal case; to reiterate, Mr. Reardon does not have the right to file multiple civil lawsuits challenging his criminal case, seeking to collaterally attack his criminal case by alleging prosecutorial and judicial misconduct, as well as defamation by the media which covered his criminal case.  Mr. Reardon clearly believes he was wronged during his criminal case, but the law just does not allow him to pursue the defense of his criminal case in the guise of at least eleven separate civil actions targeting parties involved in or adjacent to his criminal case,

including suing them for damages, once the criminal case is over and he has been convicted and sentenced. First Circuit rules especially do not allow him to do so by bringing more than ten separate civil actions against overlapping groups of defendants for "multiple, connected constitutional violations arising from a single continuous course of misconduct by government actors," *Pl.'s Resp. to Order to Show Cause* at 3, thereby overburdening the Court's and the Clerk's resources. *See Order Imposing* Cok *Restriction* at 10-11 (discussing *Elliott v. Segal*, No. 19-2163, 2021 U.S. App. LEXIS 15996 (1st Cir. Jan. 26, 2021), in which the First Circuit affirmed a *Cok* order against a party for filing three complaints in the District of Massachusetts and six total complaints arising out of the same facts).

The Court points out that it narrowly framed Mr. Reardon's filing restrictions to prevent him, acting pro se, only from filing civil actions seeking to challenge his criminal case and to prevent him from filing clearly non-meritorious civil actions, such as the one he filed against Mr. Domonski where there is no possible federal jurisdiction on the face of the complaint. *Order on Recommended Decision* ("the Magistrate Judge reached the correct, and indeed the only possible, conclusion with regards to this Court's lack of jurisdiction over Mr. Reardon's case"); *See Order Imposing* Cok *Restriction* at 16 ("only if the Court determines that the complaint does not constitute a collateral attack on his criminal conviction and his assertion of federal jurisdiction on the basis of diversity is not facially frivolous will Mr. Reardon be allowed to have the complaint docketed"). In other words, if Mr. Reardon, acting pro se, wishes to file a potentially meritorious civil action not related to his criminal

4

conviction, he may do so without restriction, and the *Cok* restriction does not apply to any lawsuit where Mr. Reardon is represented by an attorney.

As a practical matter, the Court's *Cok* order merely advances judicial review to when Mr. Reardon delivers his lawsuit to the District Court as opposed to after his lawsuit has been filed in an effort to "avoid the expenditure of clerical time and effort, setting up each case, referring motions for in forma pauperis status, tracking any motions for appointed counsel, and monitoring service of the complaint and summons." *See Order to Show Cause* at 16 (ECF No. 7).

The Court DENIES Nathan Reardon's Supplemental Memorandum in Response to Order to Show Cause (ECF No. 11).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2025